**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANG VENG; SAMBATH CHEM, | No. 08-74689 |
| Petitioners, | Agency Nos.     A095-195-263 |
| | A095-195-264 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2013[**]
Pasadena, California

Before: TALLMAN and M. SMITH, Circuit Judges, and ROSENTHAL, District
Judge.[***]

Hang Veng and his spouse, Sambeth Chem, petition for review from the

BIA's denial of asylum, withholding of removal and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, United States District Judge for the
Southern District of Texas, sitting by designation.

Against Torture ("CAT").[1] They sought relief on the basis of Veng's political opinion and related association with an armed insurgent organization. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that Veng "engaged in a terrorist activity" within the meaning of 8 U.S.C. § 1182(a)(3)(B)(i)(I) by "gather[ing] information" and providing "material support." *See* 8 U.S.C. §§ 1182(a)(3)(B)(iv)(III), (VI). An alien who has engaged in a terrorist activity is ineligible for asylum. 8 U.S.C. §§ 1158(b)(2)(A)(v), 1227(a)(4)(B).

Additionally, substantial evidence supports the agency's finding that there are reasonable grounds to believe that he poses a security threat to the United States, making him ineligible for withholding of removal pursuant to 8 U.S.C. §1231 (b)(3)(B)(iv). Furthermore, because a subsection of that statute[2] applies,

---

[1] Chem seeks review as the derivative beneficiary of Veng's claim and did not file a separate application. Therefore, our denial of Veng's petition necessarily forecloses the potential for relief on her claim.

[2] Known interchangeably as 8 U.S.C. § 1231 (b)(3)(B) and INA § 241(b)(3)(B).

denial of withholding of removal under CAT is required. 8 C.F.R. § 1208.16(d)(2).

Finally, substantial evidence also supports the BIA's determination that Veng failed to show that even as a former member of an insurgent organization, he is "more likely than not" to be tortured if removed to the designated country. *See* 8 C.F.R. § 1208.17(a). Thus, Veng is also ineligible for deferral of removal under CAT. *Id.*; *Haile v. Holder*, 658 F.3d 1122, 1130–31 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**